UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL P. TABER, | Case No. 2:23-cv-00670-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| EXEMPLAR HOLDINGS, LLC, | |
| Defendant. | |

Presently before the Court is Defendant Exemplar Holdings LLC's Motion to Dismiss (ECF No. 10). Plaintiff filed a response in opposition (ECF No. 13) to which Defendant replied (ECF No. 14). Also before the Court is Plaintiff's Motion to Strike (ECF No. 15). Defendant filed a response in opposition (ECF No. 16) to which Plaintiff replied (ECF No. 17).

**I. Background**

Plaintiff's complaint alleges a breach of contract claim against Defendant. Plaintiff alleges that Defendant proposed a project to develop an off-patent "pedicle screw system" and related spinal implant products ("the Spine Project"). Complaint, ECF No. 1 at 2. Plaintiff, a citizen and resident of California, worked on the Spine Project from July 2013 through April 2017 from his home office. *Id.* at 3. Plaintiff alleges Defendant told him he would be paid by Defendant's principal, Gregory Orman, when Plaintiff delivered the "pedicle screw system." *Id.* at 5.

Plaintiff invoiced Defendant on May 25, 2017, for his time and expenses through April 2017. *Id.* Plaintiff sought compensation and reimbursement of expenses in the amount of $265,599.41. *Id.* Plaintiff was never paid. *Id.*

Plaintiff filed the present complaint on April 28, 2023, alleging breach of contract.[1] Defendant then filed the present motion to dismiss asserting that applying either California or

---

[1] The complaint does not explicitly separate the different claims that may be alleged. In turn, Defendant argues Plaintiff may be trying to allege other claims besides breach of contract (i.e., breach of the implied covenant of good

Kansas law, Plaintiff's claims are barred by the statute of limitations. Plaintiff asserts that the Nevada statute of limitations applies since Exemplar Holdings LLC is organized in Nevada. The parties are familiar with the arguments. As a result, the Court will not summarize them and will instead incorporate them, as needed, into the Order.

**II. Standard for a Motion to Dismiss**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Services, Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in *Twombly* and *Iqbal*, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

The party asserting a statute of limitations defense bears the burden of proof. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 338 P.3d 1250, 1254 (Nev. 2014). If it is

---

faith and fair dealing and unjust enrichment). Defendant argues that, if those claims are alleged, they are barred by the statute of limitations. Plaintiff has failed to file points and authorities in opposition to that portion of Defendant's motion. As a result, to the extent Plaintiff's complaint alleged those claims, the Court dismisses them in accordance with Local Rule 7-2(d).

apparent from the face of the complaint that claims are time-barred, a statute of limitations defense can require dismissal pursuant to Rule 12(b)(6). *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010); *Aldrich v. NCAA*, 484 F. Supp. 3d 779, 796-98 (N.D. Cal. 2020). If, from the allegations of the complaint, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

**III. Application of the Statute of Limitations**

This Court has diversity jurisdiction over this action. When a federal court exercises diversity jurisdiction, it applies the substantive law of the forum state, including its statutes of limitation. *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011); *Wilcox v. Williams,* 5 Nev. 206 211-212 (1869); *Urban Outfitters, Inc. v. Dermody Operating Co., LLC*, 572 F.Supp.3d 977, 994 (D. Nev. 2021). Even when it appears that there is a choice-of-law issue at play, Nevada, as the forum state, follows the "classical rule," applying its statutes of limitation in contract cases. *Sierra Diesel Injection Serv. v. Burroughs Corp., Inc.*, 648 F. Supp. 1148, 1152 (D. Nev. 1987) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)); *Wilcox,* 5 Nev. at 212 ("no matter where the contract was made, the Statute of Limitations of the forum govern the remedy").[2] As a result, the Court will apply the Nevada statute of limitations for claims arising from a contract.

**A. Statute of limitations – Contracts not founded upon an instrument in writing**

Nevada Revised Statute section 11.190(2)(c) requires actions "upon a contract, obligation or liability not founded upon an instrument in writing" to be commenced within four years. Nev. Rev. Stat. § 11.190(2)(c). Neither Plaintiff's complaint nor his response to Defendant's motion to dismiss include facts to suggest that his claim arose any later than January 2018 (which would have been seven months after Plaintiff invoiced Defendant for the previous five years of work and

---

[2] The Court notes that this rule may be modified in Nevada if the parties' contract expressly chooses another jurisdiction's limitations period. *See Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mtg. Investors*, 609 P.3d 270, 273 (Nev. 1979). Based on the allegations of the complaint and the facts before the Court, it is impossible to make that determination at this stage.

the last time that he heard from Defendant). Plaintiff filed his complaint on April 28, 2023. Therefore, any claims in Plaintiff's complaint based on a breach of an oral contract are untimely and are dismissed.[3]

**B. Statute of limitations – Contracts founded upon an instrument in writing**

Nevada Revised Statute section 11.190(1)(b) requires actions "upon a contract, obligation or liability founded upon an instrument in writing" to be commenced within six years. Nev. Rev. Stat. § 11.190(2)(c). Initially, it appears that a claim for breach of a written contract in this action would not be barred, because Plaintiff filed his complaint less than six years after his claim arose. However, Nevada has made a choice to limit actions that accrue out of state. Nev. Rev. Stat. § 11.020.[4] The "borrowing statute" states:

> When a cause of action has arisen in another state . . . and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against the person in this State[.]

*Id.* Under Nevada law "the cause of action on an obligation accrues [or arises] in the place where the defendant *resided* when the obligation came due." *Alberding v. Brunzell*, 601 F.2d 474, 477 (9th Cir. 1979) (emphasis added) (citing *Lewis v. Hyams*, 63 P. 126 (Nev. 1900)). In turn, for the borrowing statute to apply, Defendant must first establish that Defendant resided in a different state at the time the action accrued.

Defendant asserts that the cause of action arose in Kansas which is the place of Defendant's residence. As a result, per the borrowing statute, Kansas's five-year statute of

---

[3] Alternatively, if the Court were to apply the California or Kansas statutes of limitation governing oral contracts, those claims would also be untimely and dismissed. *See* Cal. Civ. Code Proc. § 338 (two years) and Kan. Stat. Ann. § 60-512 (three years), respectively.

[4] Plaintiff urges the Court to strike Defendant's arguments regarding the borrowing statute, raised for the first time in Defendant's reply (ECF No. 14) in support of its motion to dismiss. However, Defendant's argument was properly made in response to Plaintiff's assertion that the Nevada statute of limitations applied to Plaintiff's breach of contract claim. Further, Plaintiff's briefing (ECF Nos. 15 and 17) on his motion to strike reads more like a sur-reply. Those briefs contain Plaintiff's extensive argument that the borrowing statute should not bar his claim. Therefore, the Court will construe Plaintiff's briefing on the motion to strike as a sur-reply to Defendant's argument that Nevada's borrowing statute bars the breach of contract claim. Granting the motion to strike and requiring the parties to re-brief the issue would not meet Federal Rule of Civil Procedure 1's mandate to construe and administer the Rules in a just, speedy, and inexpensive manner. Therefore, the motion to strike is denied.

limitations applies.[5] However, the Court finds that Defendant has not met its burden at the motion to dismiss stage. First, Defendant has not cited its legal basis for the proposition that despite being organized under the laws of Nevada, it is a Kansas resident. Second, determining where the cause of action arose pursuant to the borrowing statute requires the Court to consider facts outside the complaint. Therefore, the Court denies Defendant's motion to dismiss the breach of written contract claim without prejudice.

**IV. Motion for a More Definite Statement**

Alternatively, Defendant also moves for a more definite statement. Defendant seeks more details surrounding Plaintiff's claim for breach of contract, such as the names of the parties to the contract and whether the contract was written or oral. Generally, Federal Rule of Civil Procedure 12(e) is "aimed at unintelligibility rather than lack of detail and is only appropriate when the defendant cannot understand the substance of the claim asserted." *Conta v. City of Huntington Beach*, 2022 WL 3574439 at *2 (C.D. Cal. June 22, 2022). In this case, Plaintiff's complaint is not so unintelligible that Defendant cannot frame a responsive pleading. Additionally, the fact that the information Defendant seeks is easily obtainable through discovery counsels against granting a motion for a more definite statement. *See Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp.3d 1180 (D. Nev. 2023) (if detail sought through motion is obtainable through discovery, the motion should be denied). Accordingly, the Court denies Defendant's motion for a more definite statement.

**V. Conclusion**

**IT IS HEREBY ORDERED** that Defendant Exemplar Holdings LLC's Motion to Dismiss (ECF No. 10) is **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss all claims other than breach of contract claims is **GRANTED**;

**IT IS FURTHER ORDERED** that any claim for breach of an oral contract is **DISMISSED**;

---

[5] Kan. Stat. Ann. § 60-511.

1  **IT IS FURTHER ORDERED** that the motion to dismiss Plaintiff's claim for breach of a written contract is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant's motion for a more definite statement is **DENIED**;

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike (ECF No. 15) is **DENIED**.

DATED: March 1, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE