**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: MFeder@dickinson-wright.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
Email: GBlumberg@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:     702-550-4400
Fax:    844-670-6009

*Attorneys for Defendant*
*Exemplar Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL P. TABER,<br><br>                    Plaintiff,<br><br>v.<br><br>EXEMPLAR HOLDINGS, LLC, a Nevada domestic limited liability company,<br><br>                    Defendant. | Case No. 2:23-cv-00670-BNW<br><br>**[*PROPOSED*] JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH FRCP 26(f) AND LOCAL RULE 26-1(b)** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1, Daniel P. Taber ("Plaintiff") and Exemplar Holdings, LLC ("Defendant") (collectively the "Parties"), hereby submit the following Discovery Plan and Scheduling Order.

**1.** **Meeting Pursuant to FRCP 26(f) and LR 26-1(a)**.

The Parties conducted a telephonic FRCP 26(f) conference on April 18, 2024.  Plaintiff attended pro se and Gabriel A. Blumberg attended on behalf of Defendant.

**2.** **Subject of Discovery:**

The Parties agree that discovery may be conducted with respect to all claims contained in the Complaint, all defenses that have been or will be asserted, and all matters within the scope of



1

FRCP 26(b). The parties will not conduct discovery in phases and discovery will not be limited to particular issues.

**3.  Initial Disclosures:**

The Parties will serve Initial Disclosures under FRCP 26(a)(1) on or before May 2, 2024.

**4.  Discovery Plan:**

a.  **Discovery:** The proposed cutoff date for discovery shall be October 15, 2024, which is one hundred and eighty (180) days from the date of the FRCP 26(f) discovery conference.

b.  **Last Date to Amend Pleadings:** All motions to amend the pleadings or to add Parties shall be filed no later than July 15, 2024, ninety (90) days prior to the proposed close of discovery.

c.  **FRCP 26(a)(2) Disclosures -Expert Disclosures:**

i.  Initial expert disclosures shall be made by August 15, 2024, sixty (60) days before the close of discovery.

ii.  Rebuttal expert disclosures shall be made by September 16, 2024, thirty-one (32) days[1] after the initial disclosures of experts pursuant to paragraph (i) above.

d.  **Dispositive Motions:** The deadline for filing dispositive motions shall be November 14, 2024, thirty (30) days after the close of discovery. In the event that the discovery period is extended from the discovery cutoff date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motion shall be extended to be not later than thirty (30) days from the subsequent discovery cutoff date.

e.  **Pretrial Order:** The date for filing the joint pretrial order shall not be later than December 16, 2024, thirty-two (32) days after the deadline to file dispositive motions.[2] In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court.

---

[1] September 14, 2024 is a Saturday, so the rebuttal expert deadline has been extended to Monday, September 16, 2024.
[2] December 14, 2024 is a Saturday, so the pretrial order deadline has been extended to Monday, December 16, 2024.



In the further event that the discovery period is extended from the discovery cutoff date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the periods set forth in this paragraph.

   **f.**  **Pretrial Disclosures under FRCP 26(a)(3):** Unless the discovery plan otherwise provides and the court so orders, the disclosures required by FRCP 26(a)(3) and any objections to them must be included in the joint pretrial order.

  **5.**  **Alternative Dispute Resolution:**

The Parties conferred about the possibility of using alternative dispute resolution processes. The parties do not believe a settlement conference would be productive at this time.

  **6.**  **Alternative Forms of Case Disposition:**

The Parties conferred about the possibility of trial by a Magistrate Judge and use of the Short Trial Program. The parties did not reach any agreement regarding trial by a Magistrate Judge or use of the Short Trial Program.

  **7.**  **Electronic Evidence:**

Each Party intends to present evidence in electronic format should this dispute be placed before a jury. The Parties have not yet reached any stipulations on this issue.

  **8.**  **Discovery of Electronically Stored Information (ESI):**

The parties agree to work in good faith to accommodate discovery of ESI, which shall include non-traditional forms, including but not limited to, text messages, social media, and cloud-based ESI. Unless production of native files is requested, electronic documents shall be produced in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"). Parties will preserve metadata and make it available to the extent the other party reasonably requests it.

  **9.**  **Discovery Limitations:**

The Parties are not requesting any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules.

  **10.**  **Service by Email:**

Pursuant to FRCP 5(b), the parties consent to service by email in lieu of having to serve documents by hand delivery or U.S. Mail.



**11.  Other Planning or Discovery Orders:**

    **a.  Protective Order:** The Parties discussed the possibility of entering into a Protective Order and Confidentiality Agreement. The parties agreed to formulate and enter into a Stipulated Protective Order and Confidentiality Agreement if it appears that trade secrets, proprietary information, or other confidential information will be subject to discovery.

    **b.  Privilege**: If a party, through inadvertence, produced or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw-back the protected document by making a written request to the receiving party specifically identifying the protected document by Bates number and providing a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall return to the producing party such inadvertently produced materials and all copies thereof and shall destroy all electronically stored copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery. The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this action until the Court so orders. After the return of the document(s), the receiving party may challenge the producing party's claim(s) of privilege or work-product by making a motion to the Court.

**12.  Extension or Modification of the Discovery Plan and Scheduling Order:**

Local Rule 26 governs modifications or extensions to this discovery plan and scheduling

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



order. Any stipulation or motion must be made no later than twenty-one (21) days before the expiration of the subject deadline, and comply fully with LR 26-4.

DATED this 25th day of April, 2024.

*/s/ Daniel P. Taber*
Daniel P. Taber
556 South Indian Hill Blvd.
Claremont, CA 91711

*Pro Se*

DATED this 25th day of April, 2024.

**DICKINSON WRIGHT PLLC**

*/s/ Michael N. Feder*
Michel N. Feder, Esq.
Nevada Bar No. 7331
Gabriel A. Blumberg, Esq.
Nevada Bar No. 12332
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for Defendant Exemplar Holdings, LLC*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE/
UNITED STATES MAGISTRATE JUDGE

DATED:   4/26/2024

CASE NO.: 2:23-cv-00670-BNW

