UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL P. TABER, | Case No. 2:23-cv-00670-APG-BNW |
| Plaintiff, | **Order** |
| v. | |
| EXEMPLAR HOLDINGS, LLC, | |
| Defendant. | |

This case was initially assigned to Magistrate Judge Weksler to serve as the presiding judge. The parties were given notice of that assignment and the opportunity to consent or decline to have her serve as the presiding judge. ECF No. 4. Plaintiff Daniel Taber consented. ECF No. 9. Defendant Exemplar Holdings, LLC neither consented nor declined but participated in this litigation with Magistrate Judge Weksler presiding. Exemplar filed a motion to dismiss, an answer to the complaint, a discovery plan, and a motion for summary judgment. Magistrate Judge Weksler ruled on the motions. After she denied Exemplar's motion for summary judgment and granted Taber's motion, Exemplar filed an objection, noting that it had not consented to Magistrate Judge Weksler as the presiding judge. ECF No. 39.

Unless the parties consent, a Magistrate Judge may not definitively rule on a case-dispositive motion. 28 U.S.C. § 636(c)(1). However, a District Judge may refer such matters to a Magistrate Judge, who may then consider such motions and submit to the District Judge "proposed findings of fact and recommendations for the[ir] disposition . . . ." 28 U.S.C. § 636(b)(1)(B), (C); *see also* Local Rule IB 1-4. If an objection is made to the Magistrate Judge's ruling, the District Judge must then conduct a *de novo* review. LR IB 3-2.

1  A party may impliedly consent to have a Magistrate Judge preside over a case where "the
2 litigant or counsel was made aware of the need for consent and the right to refuse it, and still
3 voluntarily appeared to try the case before the Magistrate Judge." *Roell v. Withrow*, 538 U.S.
4 580, 590 (2003).  The *Roell* Court reasoned that this approach "checks the risk of gamesmanship
5 by depriving parties of the luxury of waiting for the outcome before denying the magistrate
6 judge's authority." *Id*. at 590.  The Ninth Circuit has held "that a clear and unambiguous
7 expression of consent is required to vest the Magistrate [Judge] with authority" to preside over a
8 case and rule on dispositive motions. *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915
9 (9th Cir. 2003) (quotation omitted).

10  Here, Exemplar has not clearly and unambiguously consented to have Magistrate Judge
11 Weksler rule on the motions to dismiss and for summary judgment.  It did not submit the consent
12 form as directed by the notice from the court. ECF No. 4.  That form states "[i]f you do not
13 submit the consent form within 21 days, you will be deemed to have declined and the case will
14 be reassigned to a District Judge as the presiding judge." *Id*.  And the parties' proposed joint
15 discovery plan states that "[t]he parties did not reach any agreement regarding trial by a
16 Magistrate Judge . . . ." ECF No. 21 at 3.  Although Exemplar did not specifically voice
17 objection to allowing Magistrate Judge Weksler to rule on its motions until it lost, its actions so
18 far do not satisfy the criteria laid down by the Ninth Circuit in *Anderson v. Woodcreek Venture*.
19 Accordingly, I will treat Magistrate Judge Weksler's rulings on the motion for summary
20 judgment (ECF No. 25) as recommendations under Local Rule IB 1-4.
21 / / / /
22 / / / /
23 / / / /

I THEREFORE ORDER that Taber may file a response to Exemplar's objection (ECF No. 39) by April 15, 2025.

DATED THIS 1st day of April, 2025.

_____
Andrew P. Gordon
Chief United States District Judge